Kevin N. Berens Cheyenne County Attorney 101 W. Washington, P.O. Box 627 St. Francis, Kansas 67756
Dear Mr. Berens:
You request our opinion whether a county can use its home rule power to change the qualifications and number of members on a county law enforcement system board created pursuant to K.S.A. 19-4471.
K.S.A. 19-4471 is part of the 1974 Consolidated Law Enforcement Act (Act),[1] which authorizes certain counties to combine the law enforcement capabilities of the county and the cities within the county by creating a unified law enforcement department, thereby obviating the need for a sheriff and city police chiefs.[2] K.S.A. 19-4471, the statute at issue here, creates a county law enforcement system board comprised of five members: the chair of the board of county commissioners, the mayor of the largest city in the county, the county attorney, and two members elected by the county electorate. The Board of Commissioners of Cheyenne County is desirous of changing the statutory requirement of five members to seven members. The two additional positions would be filled by the mayor of the second largest city in Cheyenne County and a member to be elected by county voters.
K.S.A. 2002 Supp. 19-101a authorizes counties to "perform all powers of local legislation" subject only to certain restrictions and prohibitions. A restriction that may be applicable in this case is the restriction that "counties shall be subject to all acts of the legislature which apply uniformly to all counties."[3] Another restriction is that counties be "subject to all acts of the legislature concerning elections."[4]
Regarding the issue of whether the 1974 Consolidated Law Enforcement Act is an enactment which applies uniformly to all counties, it is our opinion that the case of City of Junction City v. Griffin[5] is dispositive. In Griffin, the Court reviewed the Kansas Code of Procedure for Municipal Courts (Code) and determined that it was not an enactment that applied uniformly to all cities because one of its provisions applied only to cities of the first class. Because of this singular difference in treatment of cities based upon class, the Court concluded that cities could charter out of the Code.[6] While Griffin addressed the concept of uniformity in relation to constitutional home rule for cities,[7] the appellate courts have applied the same analysis to county home rule.[8]
The 1974 Consolidated Law Enforcement Act applies only to counties with certain populations and specific property valuations.[9] For example, the Act applies to counties with a population between 3000 and 4000 with an assessed taxable tangible valuation of more than $28,000,000 but less than $50,000,000.[10] You indicate that Cheyenne County fits within this parameter so while the Act is applicable to Cheyenne County, it is not applicable to all counties.
Applying the Griffin rationale, it is our opinion that the 1974 Consolidated Law Enforcement Act is not an act that is applicable uniformly to all counties by virtue of K.S.A. 19-4470 which restricts the Act's application to certain counties. Therefore, counties may charter out of K.S.A. 19-4471 and substitute provisions addressing the number and qualifications of board members.
While you did not inquire about the propriety of the county's desire to create a third board position that would be elected by the voters, it is our opinion that a county cannot use its home rule power to hold an election that is not statutorily authorized because of K.S.A. 2002 Supp. 19-101 a's restriction that counties are "subject to all acts of the legislature concerning elections."[11] K.S.A. 19-4471 authorizes a county to hold elections for only two positions on the county law enforcement system board and prescribes the election process for those positions. Cheyenne County proposes to create a third elected position.
In Blevins v. Board of Douglas County Commissioners,[12] the Court concluded that counties may hold binding elections only in accordance with statutory authority and that, in the absence of such authority, a county cannot use its home rule power to hold a binding election.[13]
K.S.A. 19-4471 prescribes election procedures for the two elected positions. These procedures address issues relating to candidacy, election times, and ballots. Clearly, K.S.A. 19-4471 is an act of the legislature "concerning elections." Therefore, while Cheyenne County can charter out of K.S.A. 19-4471 and substitute provisions that address the number and qualifications of board members, the county is subject to the election provisions of K.S.A. 19-4471 and cannot create a third elected position.
In conclusion, the 1974 Consolidated Law Enforcement Act does not apply uniformly to all counties. Therefore, a county may charter out of K.S.A.19-4471, which governs the size and qualifications of the county law enforcement system board. However, because a county is subject to the election provisions of K.S.A. 19-4471, it cannot create more than two elected positions on the board.
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Mary Feighny Assistant Attorney General
PK:JLM:MF:jm
[1] K.S.A. 19-4468 et seq.
[2] K.S.A. 19-4481; 19-4482; 19-4483.
[3] K.S.A. 2002 Supp. 19-101a(a)(1).
[4] K.S.A. 2002 Supp. 19-101a(a)(7).
[5] 227 Kan. 332 (1980).
[6] See Home Builders Ass'n of Greater Kansas City v. City of OverlandPark, 22 Kan App.2d 649, rev. denied 260 Kan. 993 (1996); City of Wichitav. Kansas Taxpayers Network, Inc., 255 Kan. 534 (1994).
[7] Kan. Const., Art. 12, § 5.
[8] Blevins v. Hiebert, 247 Kan. 1 (1990); Missouri Pacific Railroadv. Board of Greeley County Comm'rs, 231 Kan. 225 (1982).
[9] K.S.A. 19-4470 ("The provisions of this act shall apply only to counties of this state having a population of more than five thousand (5000) and less than twelve thousand (12,000) and an assessed taxable tangible valuation of more than seventy-five million ($75,000,000). . .").
[10] Id.
[11] Blevins v. Board of Douglas County Comm'r, 251 Kan. 374 (1992); K.S.A. 2002 Supp. 19-101a(a)(7); K.S.A. 19-101b(a).
[12] 251 Kan. 374, 382 (1992).
[13] See Attorney General Opinions No. 97-72, 85-152, 79-44.